UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAROLINA ANNA REISS,

                Plaintiff,

        -against-

ELENA BARON, in her individual capacity;
DENISE M. DOMINGUEZ, in her individual
capacity,

                Defendants.

1:22-CV-0908 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Karolina Anna Reiss, who appears *pro se*, filed this action asserting claims under 42 U.S.C. §§ 1983 and 1988, seeking damages.[1] She sues, in their individual capacities, Elena Baron and Denise M. Dominguez, who are both Judges of the Civil Court of the City of New York, New York County. The Court construes Plaintiff's complaint as asserting claims under Section 1983, as well as claims under state law. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring an action, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may also dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d

---

[1] Plaintiff has paid the fees to bring this action.

77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: Plaintiff is a defendant and a counterclaimant in a civil action pending in the Civil Court of the City of New York, New York County. On September 1, 2021, Judge Baron presided over a pretrial conference in Plaintiff's state court civil action. During that pretrial conference, Judge Baron forbade Plaintiff from filing a motion to compel discovery, stating that the issue of discovery would be discussed during the next pretrial conference.

On November 5, 2021, Judge Dominguez presided over another pretrial conference in Plaintiff's state court civil action. During that pretrial conference, Judge Dominguez would not allow Plaintiff "to speak freely, [and would] only allow[] [Plaintiff] to answer questions [Judge Dominguez] posed. . . ." (ECF 1, at 7.) Judge Dominguez also "repeatedly attempted to elicit some sort of confession out of [Plaintiff] that she in fact owed . . . money in connection with [a] credit card loan." (*Id.*) In addition, Judge Dominguez allowed opposing counsel to "declare what amount [his client] was willing to settle for as if the case was somehow decided. . . ." (*Id.*) Judge Dominguez scheduled another pretrial conference for February 2, 2022.[2]

---

[2] Plaintiff filed her complaint in this court on February 2, 2022.

DISCUSSION

**A.     Judicial immunity**

The Court must dismiss Plaintiff's claims under Section 1983 against Judges Baron and Dominguez under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity, or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims under Section 1983 against Judges Baron and Dominguez arise from their actions while presiding over Plaintiff's pending state court civil action – specifically, while presiding over pretrial conferences held in that action. Accordingly, the Court dismisses these claims under the doctrine of judicial immunity and as frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the *in forma pauperis* ("IFP") statute); *Koger v. Richardson*, No. 19-CV-9053, 2019 WL 5080008, at *2 (S.D.N.Y. Oct. 10, 2019) (dismissing as frivolous, under the doctrine of judicial immunity, claims under Section 1983 against judges in a fee-paid civil action), *aff'd*, 858

F. App'x 425 (2d Cir. 2021) (summary order), *petition for cert. filed*, No. 21- 1050 (Oct. 26, 2021).

**B.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     The Court denies Plaintiff leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 under the doctrine of judicial immunity and as frivolous. The Court declines to consider,

under its supplemental jurisdiction, any of Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  March 3, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge